IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Olakunle Oshodi, | ) | No. CIV 07-1271-PHX-JWS (DKD) |
| Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Bruno Stolc, et al., | ) | |
| Respondents. | ) | |

TO THE HONORABLE JOHN W. SEDWICK, UNITED STATES DISTRICT JUDGE:

Olakunle Oshodi filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention by immigration authorities pending the conclusion of his appeal of the government's decision to order him removed to Nigeria. He requests an immediate release from the government's custody under the supervision of his United States citizen wife. The government has filed a motion to dismiss, contending that the petition is moot because Oshodi has been offered a bond hearing and has filed written objections and has declined to participate. The Court agrees that the petition is moot and recommends that the government's motion to dismiss be granted and Oshodi's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**BACKGROUND**

Oshodi is a forty-eight year old native and citizen of Nigeria who entered the United States without being admitted or paroled on January 1, 1982 after inspection by an immigration officer (Doc. #11, Exh 1). He had been deported from the United States in

January, 1981 (*Id*., Exh 2, 3). On February 26, 2001, he was convicted of vehicular manslaughter while intoxicated and sentenced to ten years' imprisonment (*Id*., Exh 6). On November 22, 2005, the Department of Homeland Security (the government) issued a Notice to Appear, initially charging Oshodi with several allegations of removability: pursuant to §§ 212(a)(6)(A)(i), 212(a)(9)(C)(i)(II), and 212(A)(2)(A)(i)(I) of the Immigration and Nationality Act (INA), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General; an alien who has been ordered removed under section 235(b)(1), section 240, or any other provision of law, and who entered or attempted to enter the United States without being admitted; and as an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime (*Id*., Exh 1, 2, 3).

On December 5, 2005, the government proceeded on the sole allegation of the criminal conviction and the charge of removability for having been convicted of a crime involving moral turpitude (*Id*., Exh 4). On January 4, 2006, Oshodi requested a continuance to obtain counsel; the case was rescheduled for January 18, 2006 (*Id*., Exh 5). On January 18, 2006, Oshodi, appearing pro se, admitted that he is not a citizen and national of the United States and that he is a citizen and national of Nigeria, but denied entering the United States without being admitted or paroled by an immigration officer. The case was reset for a hearing on the denied allegations (*Id*., Exh 5). On February 6, 2006, Oshodi failed to present any information regarding the contested allegations, admitted that he arrived at the U.S. at or near an unknown place on or around January 1, 1982, that he arrived at a time or place other than designated by the Attorney General, and admitted the charge of removability, but declined to designate a country of removal (*Id*.). The immigration judge sustained the charge of removability and designated Nigeria as the country of removal.

On March 16, 2006, Oshodi filed an application for asylum, and the case was rescheduled for a hearing on the asylum application. On May 26, 2006, the immigration judge denied Oshodi's request for asylum, withholding of removal, and withholding/deferral of removal under article 3 of the Convention Against Torture and ordered him removed to Nigeria; he reserved appeal (*Id.*, Exh 8). On June 29, 2006, Oshodi filed a Notice of Appeal with the Board of Immigration Appeals (BIA); on September 29, 2006, the BIA affirmed the immigration judge's decision and dismissed the appeal (*Id.*, Exh 11). On October 18, 2006, the government served Oshodi with a Notice of Custody Review (*Id.*, Exh 12).

On October 19, 2006, Oshodi filed a Petition for Review with the Ninth Circuit Court of Appeals; on November 16, 2006, the Circuit Court stayed his removal (*Id.*, Exh 21). On October 25, 2006, the government requested that the Nigerian Consulate issue emergency travel documents for Oshodi (*Id.*, Exh 13). On December 19, 2006, Oshodi's attorney requested a postponement of his client's custody review from December 29, 2006 until late January of 2007 (*Id.*, Exh 14). On December 29, 2006, the government served Oshodi with a Notice of Custody Review changing the date to January 29, 2007 (*Id.*, Exh 15).

On January 22, 2007, counsel filed a letter regarding Oshodi's custody review and informed the government that a stay of removal had been granted in the Ninth Circuit Court (*Id.*, Exh 16). On March 1, 2007, the government informed Oshodi of its decision to continue his detention (*Id.*, Exh 17). On March 19, 2007, counsel filed a Request for Reconsideration of the Decision to Continue Detention (*Id.*, Exh 18). On April 24, 2007, the government reaffirmed its decision to continue his detention (*Id.*, Exh 19).

On July 2, 2009, the government filed a Notice of Custody Redetermination Hearing in Immigration Proceedings, scheduled for July 21, 2009, at the Eloy Detention Center (Doc. #16, attachment 1). On July 27, 2009, Oshodi filed with this Court a copy of his written objections to the government's request to schedule a *Casas* hearing, which he had filed

before the immigration judge (Doc. #17).[1] On August 14, 2009, the government filed its motion to dismiss; on September 29, 2009, Oshodi filed a response to the government's motion (Doc. #21).

**DISCUSSION**

The government contends that the petition should be dismissed as moot because the Court cannot offer Oshodi the ultimate relief he requests: his immediate release from the government's custody. Because Oshodi's appeal of his final order of removal is currently pending before the Ninth Circuit, and the Court of Appeals has issued a stay of removal, his detention is governed by 8 U.S.C. § 1226(a). *Casas-Castrillon v. Department of Homeland Sec.*, 535 F.3d 942, 947 (9th Cir. 2008). In addition, the Court has determined that Oshodi's detention under 8 U.S.C. § 1226(a) is lawful. The only relief to which he is entitled under statute or case law is a bond hearing in which the government bears the burden of establishing his risk to the community or flight risk. 8 U.S.C. § 1226(a); *Casas-Castrillon*. In his response to the government's motion to dismiss, he argues that he is not required to participate in a bond hearing requested by the government, only one ordered by the Court. A *Casas* hearing satisfies the latter requirement. His petition is therefore moot as the government has offered the relief to which he is entitled.

**IT IS THEREFORE RECOMMENDED** that the government's Motion to Dismiss be **granted** and that Olakunle Oshodi's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice** (Doc. #1, 18).

---

[1] He objected on the following grounds: (1) he was denied a meaningful opportunity to respond to the government's request prior to the scheduling of the hearing; (2) the *Casas* hearings allow an administrative body the unreviewable authority to make a custody determination involving a fundamental right; (3) submitting to a *Casas* hearing would not decide the constitutional issues contained in his habeas petition; and (4) he would not be granted a full and fair hearing by the immigration judge. His argument that a bond hearing would not resolve the constitutional issues raised in his habeas petition has been specifically contradicted by the Ninth Circuit's ruling in *Casas-Castrillon*.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 23rd day of October, 2009.

_____
David K. Duncan
United States Magistrate Judge